Filed 6/27/16  P. v. Willis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTWOINE WILLIS,<br><br>    Defendant and Appellant. | C079365<br><br>(Super. Ct. No. 14F04757) |

Following a jury trial in which defendant Antoine Willis was convicted of domestic violence, the trial court sustained two strike allegations and sentenced him to eight years in state prison.

Defendant's appointed counsel has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief

description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## I. BACKGROUND

Defendant and Germina Jackson met in 2005. Their daughter was born in July 2006. Defendant and Jackson had an on-and-off again romantic relationship over the years. Defendant and Jackson had several violent incidents over the course of their relationship.

In early May 2006, defendant and Jackson got into an argument that escalated into physical violence. Jackson tried to walk out the front door, but defendant grabbed her by the arm and pulled her back. He then grabbed Jackson by the neck, pinned her against a wall, struck her on the head with a closed fist about 10 times, and strangled her for about 10 or 15 seconds. Jackson sustained a fractured left temple and bruising around the eye. She had headaches at the site of the fracture. As a result of the attack, defendant was convicted of felony assault likely to produce great bodily injury with a sustained allegation of causing great bodily injury.

In February 2007, defendant lived part-time with Jackson and their daughter in Hayward. One day defendant got angry with Jackson because another man said he had slept with her. Defendant struck Jackson in the head two to three times with her purse and left. Jackson was afraid of defendant and thought he might return, so her friend Corine came over and drove Jackson and their baby away. Defendant caught up with them on the Dumbarton Bridge, driving Jackson's car. He cut in front of them after the tollbooth, walked up to Corine's car, broke the driver's side window with his fist and told Corine to get out. Corine got out and drove off in a stranger's car. Defendant then opened the back door, attempted to grab the baby, and punched Jackson. Jackson got out of Corine's car with the baby. Defendant forced them to get into Jackson's car and drove off with them. As he drove, defendant punched Jackson and told her that she was not going to be with anyone but him. He continued to drive around for 30 to 45 minutes.

2

Defendant threatened to kill Jackson and also demanded her PIN to get money from an ATM. He eventually dropped off Jackson and their child at Jackson's apartment and then left. Defendant was convicted of felony kidnapping and robbery as a result of the incident.

In February 2014 Jackson, who had not spoken to defendant for a period of time, contacted him through his mother and invited him to visit. He arrived at Jackson's home on February 22 and they spent the night together. Steven Delarose came unannounced to Jackson's home the following morning. He and Jackson had been in an intimate relationship for about three years at the time. When Jackson answered the door, Delarose told her that he was leaving town for work and would be gone for a couple of months. He then embraced Jackson and kissed her on the face numerous times. As he drove away, Delarose blew her kisses. Defendant came towards Jackson when she went inside the house. He was angry and wanted to know with whom she had met. A scuffle ensued; Jackson was pushed into a glass window, breaking the glass and sustaining a cut on her arm that required 15 stitches. Jackson asked defendant to leave. He made a call on his cell phone and left. Jackson called her Aunt Beverly and told her that defendant had thrown her through a glass window during a fight. Jackson also told her daughter that defendant threw her through a glass window. She told a paramedic, a nurse at the hospital, and a sheriff's deputy that she had been hit twice in the head with a fist and/or pushed through a window. Defendant was charged with domestic violence with a great bodily injury allegation and three strike allegations. (Pen. Code, §§ 273.5, subd. (a), 12022.7, subd. (e), 667, subds. (b)-(i), 1170.12.) Following a jury trial, he was convicted of the domestic violence charge but acquitted on the great bodily injury allegation. The trial court sustained two strike allegations in a bifurcated proceeding. It imposed an eight-year state prison term, ordered various fines and fees, and awarded 352 days of presentence credit (176 actual and 176 conduct).

Defendant appeals his conviction.

3

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## II. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

DUARTE, J.

4